# WILLIAMS v. KERN & SONS.

TRADEMARKS; CONFUSION IN TRADE; OPPOSITION.

1. The word "Success" as applied to self-raising pancake flour and corn meal is not registrable over the prior registration of the same word as applied to flour.

2. The test in a trademark opposition is not whether there will be a likelihood of a purchaser confusing the products, but whether confusion in the mind of the purchaser will arise as to the source from which they came. (Citing *American Stove Co. v. Detroit Stove Works*, 31 App. D. C. 304.)

No. 1141. Patent Appeals. Submitted January 18, 1918. Decided March 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.                     *Affirmed.*

The facts are stated in the opinion.

*Mr. J. R. Edson* and *Mr. Thomas G. Steward* for the appellant.

*Mr. William G. Henderson* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is a trademark opposition. It appears that appellant, Frank C. Williams, applied for registration of the word "Success" as a trademark for self-raising pancake flour and corn meal. Appellees, John B. A. Kern & Sons, opposed the registration on the ground that they and their predecessors have continuously, since 1873, used the word "Success" as a trademark for flour. They first registered the mark in 1902, and reregistered it in 1915. From the decision of the Commissioner

of Patents sustaining the opposition and denying appellant right to registration, this appeal was taken.

The single question involved is whether the goods of the respective parties possess the same descriptive properties, and the use of appellees' trademark by appellant would be likely to create confusion in trade by leading purchasers to believe that appellant's goods were manufactured by appellees. It is on this ground that appellees urge they would sustain damage. The goods of the respective parties belong to the general classification of flour, and are common in their source of manufacture. Each is a product of the milling business. Each can be readily associated with the product of one engaged in the milling business. The test is not whether a user would make the improbable mistake of using appellant's pancake flour for appellees' wheat flour, but whether a purchaser would be likely to purchase appellant's product, believing it had been manufactured by appellees. The test here is not in the likelihood of confusing the products, but the source from which they come. The distinction is clearly stated in *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 304, where the word "Jewel" as a trademark for gasolene or vapor stoves was involved. The word had been registered by the Detroit company as a trademark for coal and wood stoves. It was contended by the American Stove Company that there was a fundamental difference between vapor or gasolene stoves and coal or wood stoves, and that there could be no possible room for confusion, in that no one could mistake a gasolene stove for a coal or wood stove. On this point the court said: "Gasolene or vapor stoves are used for the same purpose as coal and wood stoves, and belong to the same genus. The structural differences existing between them are largely due to the character of the fuel used. We agree with the Commissioner that 'to permit one manufacturer to use upon his gas and gasolene stoves the mark upon which another manufacturer had built up a trade in coal and wood stoves would inevitably lead to mistakes and confuse purchasers.' "

The decision of the Commissioner of Patents is affirmed,

and the clerk is directed to certify these proceedings as by law required.                                                   *Affirmed.*

A motion for a rehearing was denied March 16, 1918.